UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN DAENZER,<br><br>                             Plaintiff,<br>      -against-<br><br>DEREK SMITH LAW GROUP, PLLC, and<br>ALEXANDER GABRIEL CABECEIRAS, ESQ.,<br>individually,<br><br>                             Defendants. | **Dkt. No.: 25-cv-07317**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JAN DAENZER ("Plaintiff"), by and through his attorneys, Joseph & Norinsberg, LLC, alleges as follows against DEREK SMITH LAW GROUP, PLLC and ALEXANDER GABRIEL CABECEIRAS, ESQ. (collectively, the "Smith Defendants" or "Defendants"), upon personal knowledge as to himself and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1. This is a legal malpractice action arising from Defendants' grossly negligent handling of a meritorious sexual abuse lawsuit brought under New York's Adult Survivors Act in the Supreme Court, New York County.

2. Plaintiff seeks damages for the complete loss of that case—loss caused not by the facts, not by the law, but by Defendants' inexcusable omissions of basic claims and failure to use dispositive evidence in their possession.

### PRELIMINARY STATEMENT

3. This case is not about hindsight or litigation risk. It is about the abandonment of core duties every competent lawyer understands: plead all viable claims, present decisive evidence, and confront falsehoods head-on.

1

4. Plaintiff was the victim of egregious sexual abuse by a manager at Wilhelmina Models, while Wilhelmina sponsored him for an H-1B visa. In sworn federal filings, Wilhelmina's Executive Director certified that Plaintiff was their employee—facts that, if presented, would have judicially estopped Wilhelmina from denying employment.

5. Defendants had those immigration filings from the start. They were not buried in discovery. They were in the client's file, stamped with the government's seal, and contained sworn admissions.

6. Defendants never used them. They allowed Wilhelmina to mislead the Court into believing Plaintiff was never an employee, without citing federal law making such an H-1B petition impossible unless the petitioner is the employer.

7. Compounding their negligence, Defendants never pleaded negligent hiring, supervision, and retention ("NHSR")—a cause of action available under both New York and California law, entirely independent of employee status, and a staple in sexual abuse litigation.

8. By the time Plaintiff retained undersigned counsel, the damage was done. The Court refused to renew or reargue, not because the facts were weak, but because the critical evidence had been withheld when it mattered.

9. The Court did not reject Plaintiff's story. It rejected Defendants' lawyering.

10. Because of these avoidable failures, Plaintiff lost forever the opportunity to hold Wilhelmina accountable and to obtain the compensatory and punitive damages his case warranted.

## STATEMENT OF FACTS

11. Plaintiff retained Defendants in late 2022 to represent him in a high-stakes sexual abuse lawsuit against Wilhelmina Models and its manager, Osborne, who sexually abused Plaintiff while both were employed by Wilhelmina.

12. Wilhelmina had sponsored Plaintiff's H-1B visa application, a petition sworn under penalty of perjury by Wilhelmina's Executive Director, Christine Sugrim, certifying that Plaintiff was their employee from April 15, 2003, through January 20, 2006.

13. These immigration filings were definitive, official admissions by Wilhelmina, conclusively establishing the existence of an employment relationship essential to Plaintiff's claims.

14. Despite possessing these documents, Defendants never filed or cited them in opposition to Wilhelmina's motions, nor did they inform the Court or argue judicial estoppel based on Wilhelmina's prior sworn statements.

15. Wilhelmina denied Plaintiff's employment status in court filings and argued California law applied, undermining Plaintiff's claims.

16. Further, Defendants failed to plead negligent hiring, supervision, and retention ("NHSR") claims—critical and independent causes of action that do not require an employment relationship but were essential in light of Wilhelmina's denials regarding Plaintiff's employment.

17. As a result of these failures, Wilhelmina's motion for summary judgment was granted on May 28, 2025, dismissing all Plaintiff's claims.

18. Plaintiff's successor counsel moved to renew and reargue based on the undisclosed immigration evidence, but the Court refused, explicitly stating the documents were in Defendants' possession throughout the litigation.

19. Plaintiff's case was lost not because of a lack of evidence or legal merit, but because Defendants negligently failed to show the Court critical evidence establishing that Wilhemina was, in fact, Plaintiff's employer, and negligently failed to plead fundamental claims, extinguishing Plaintiff's right to justice and compensation.

**JURISDICTION AND VENUE**

20. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the parties are completely diverse and the amount in controversy exceeds $75,000.

21. Venue is proper under 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to these claims occurred in this District.

**PARTIES**

22. Plaintiff JAN DAENZER is a citizen of Germany who resides in Frankfurt am Main, Germany.

23. Defendant DEREK SMITH LAW GROUP, PLLC is a New York law firm with its principal place of business at 450 Seventh Avenue, 30th Floor, New York, New York 10123.

24. Defendant ALEXANDER GABRIEL CABECEIRAS, ESQ., is an attorney licensed to practice law in New York and, at all relevant times, acted as counsel to Plaintiff in the underlying action.

**DETAILED ALLEGATIONS**

*Initial Pleadings and Omissions*

25. Plaintiff retained Defendants in late 2022 to prosecute claims against Wilhelmina and Osborne for sexual abuse occurring during their employment.

26. On January 16, 2023, Defendants filed a Complaint asserting claims for Assault, Battery, Intentional Infliction of Emotional Distress, and violations of the NYSHRL and NYCHRL. (Ex. A)

27. Defendants failed to plead negligent hiring, supervision, and retention ("NHSR") claims under New York or California law, despite their availability and critical importance.

28. On March 27, 2023, Wilhelmina filed an Answer denying any employment relationship and asserting California law applied. (Ex. B)

29. Defendants did not amend the complaint or plead NHSR claims despite this denial.

***The Amended Complaint and Critical Immigration Documents***

30. On June 3, 2024, Defendants filed an Amended Complaint. (Ex. C)

31. They included an employment agreement but again failed to plead NHSR claims or submit federal immigration filings that Wilhelmina had sworn under penalty of perjury.

32. Those filings unequivocally establish Plaintiff's employment relationship with Wilhelmina. (Ex. D)

33. Wilhelmina's Answer to the Amended Complaint on August 26, 2024, repeated its denial of employment status. (Ex. E)

***Summary Judgment Motion and Opposition***

34. On February 24, 2025, Wilhelmina moved for summary judgment based on Plaintiff's alleged status as an independent contractor and California law governing. (Ex. F)

35. Defendants filed opposition on March 28, 2025 but omitted Wilhelmina's crucial admissions regarding Plaintiff's employment status in its immigration filings – namely, that Plaintiff was an employee of Wilhelmina New York and worked at its Park Avenue address -- and failed to argue judicial estoppel or plead NHSR claims. (Exs. G, D)

36. On May 28, 2025, the Court granted summary judgment for Wilhelmina, dismissing Plaintiff's claims. (Ex. H)

***Motion to Renew and the Court's Summary Denial***

37. Plaintiff retained new counsel on June 18, 2025, who moved to renew and reargue the decision based on the immigration filings withheld by Defendants.

38. Justice Kraus declined to sign the Order to Show Cause, stating that the evidence was in Defendants' possession at the time of the original motion. (Ex. I)

39. Plaintiff's case was effectively lost due to Defendants' malpractice.

### SPECIFIC ACTS OF MALPRACTICE

*Failure to Submit Dispositive Immigration Evidence*

40. As the foregoing establishes, Defendants engaged in multiple negligent acts and omissions in their legal representation of Plaintiff. *First*, Defendants negligently failed to present the trial court with critical immigration filings -- documents which contained crucial admissions by Wilhelmina regarding Plaintiff's employment status and the fact that he was employed by Wilhelmina New York -- that would have established that Plaintiff was, in fact, an "employee" (not an independent contractor) and that Plaintiff did, in fact, work for Wilhelmina New York (not California). These conclusive facts, if presented to the Court, would have eviscerated Wilhelmina's specious claims and defeated their motion for summary judgment.

*Failure to Plead NHSR Under New York Law*

41. *Second*, Defendants inexplicably failed to allege an NHSR claim under New York law in their original complaint or in their amended complaint. NHSR claims under CPLR § 214-g do *not* require an employment relationship and are routinely brought in sexual abuse cases. Defendants' negligent omission of this claim after Wilhelmina's denial was undeniably malpractice. No reasonably competent attorney pursuing a claim under the Adult Survivor's Act would have failed to make such an allegation.

*Failure to Plead NHSR Under California Law*

42. *Third*, Defendants inexplicably failed to allege an NHSR claim under California law in their original complaint or in their amended complaint. Defendants *knew* that Wilhelmina was

claiming that California law applied but still negligently failed to plead NHSR under California law, despite having the employment agreement. Defendants' negligent omission of this claim after Wilhelmina's denial was undeniably malpractice. No reasonably competent attorney pursuing a claim under the facts alleged above would have failed to make such an allegation.

43. Defendants' negligent acts and omissions directly caused Plaintiff to suffer damages. Specifically, the Court's decision to grant summary judgment was based entirely on the (demonstrably false) "facts" that Plaintiff was an independent contractor and had worked for Wilhelmina in California. These "facts" were adopted by the Court based on Defendants' negligent failure to provide evidence which would have conclusively disproven such specious claims.

44. But for Defendants' negligent acts and omissions, Plaintiff would have defeated Wilhelmina's motion for summary judgment, proceeded to trial, and recovered compensatory and punitive damages for severe and permanent emotional and physical injuries.

45. As a result of Defendants' malpractice, Plaintiff has suffered severe emotional distress, depression, anxiety, loss of self-confidence, and permanent harm from the abuse and lost opportunity for justice.

46. As a result of Defendants' negligent acts and omissions, Plaintiff is forever barred from recovering any compensatory damages for the severe and permanent injuries he has suffered.

### FIRST CAUSE OF ACTION
**(Legal Malpractice)**

47. Plaintiff repeats and realleges all of the foregoing facts as if fully set forth herein.

48. Defendants owed Plaintiff a duty to exercise reasonable care in legal representation.

49. Defendants breached this duty by failing to plead NHSR claims, failing to submit dispositive immigration evidence, and failing to raise critical legal arguments.

50. Defendants' breaches directly and proximately caused Plaintiff's damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages to punish Defendants' grossly negligent conduct and deter similar future conduct;

c. Attorneys' fees as permitted by law, costs, and disbursements;

d. Pre-judgment and post-judgment interest;

e. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
         September 3, 2025

                                        Respectfully submitted,

                                        **JOSEPH & NORINSBERG, LLC**

                        By:     _____
                                Daniel Needham, Esq.
                                Jon L. Norinsberg, Esq.
                                Bennitta Joseph, Esq.
                                825 Third Ave, Suite 2100
                                New York, New York 10022
                                Tel.: (212) 227-5700
                                *Attorneys for Plaintiff*