UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAN DAENZER,<br><br>         Plaintiff,<br><br>DEREK SMITH LAW GROUP, PLLC, and<br>ALEXANDER GABRIEL CABECEIRAS, ESQ.,<br>Individually,<br><br>         Defendants. | DKT. NO.: 25-CV-07317<br><br>Hon. Jennifer H. Rearden<br>United States District Judge<br><br>*Filed Electronically* |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS DEREK SMITH LAW GROUP PLLC AND ALEXANDER GABRIEL CABECEIRAS, ESQ.

Of counsel:
Joseph L. Francoeur
Melissa E. Young

**TABLE OF CONTENTS**

**Page**

Preliminary Statement ............................................................................................................... 1

Allegations of the Complaint ..................................................................................................... 3

Legal Standard ........................................................................................................................... 4

Arguments .................................................................................................................................. 5

    I.      THE TRIAL COURT'S RULING EXCLUDING INDEPENDENT CONTRACTORS FROM THE NYCHRL WAS CLEAR LEGAL ERROR, CONTRARY TO SETTLED LAW IN 2003–2004 ................................................ 5

    II.     THE FACT THAT PLAINTIFF'S SUBSEQUENT COUNSEL FAILED TO FILE A TIMELY NOTICE OF APPEAL BREAKS THE CHAIN OF CAUSATION AGAINST DEFENDANTS ............................................................ 7

    III.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS AS NEW YORK COURTS ROUTINELY DISMISS COMPLAINTS THAT ARE BASED ON MERE SPECULATION ..................... 11

           A.     Elements of A Legal Malpractice Claim ..................................................... 11

           B.     Plaintiff's Allegation That Presenting a Physical Copy of the Immigration Filing Would Have Yielded a More Favorable Outcome Is Purely Speculative ................................................................................. 12

           C.     The Complaint Fails to Allege Breach of Duty or Proximate Causation Because The Court Determined That California Law Applies, And The Lawsuit Is Time-Barred Under California Law ........... 14

Conclusion ............................................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) .................................................................................................11

*Antokol & Coffin v. Myers*,
    30 A.D.3d 843, 819 N.Y.S.2d 303 (3d Dep't 2006) ..............................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................................................4

*Banks v. Corr. Servs. Corp.*,
    475 F. Supp. 2d 189 (E.D.N.Y. 2007) .................................................................................6, 9

*Boye v. Rubin & Bailin*,
    LLP, 152 A.D.3d 1 (1st Dep't 2017) .......................................................................................8

*Clarendon v. Regents of the Univ. of Cal.*,
    2021 Cal. Super. LEXIS 102090 ...........................................................................................14

*Davis and Davis, P.C. v. Morson*,
    286 A.D.2d 584, 730 N.Y.S.2d 293 (1st Dept. 2001) ...........................................................11

*Fowler v. Scores Holding Co.*,
    677 F. Supp. 2d 673 (S.D.N.Y. 2009) .................................................................................6, 9

*Golden v Cascione, Chechanover & Purcigliotti*,
    286 AD2d 281, 729 NYS2d 140 (1st Dept. 2001) ..................................................................8

*Grace v. Law*,
    24 N.Y.3d 203, 997 N.Y.S.2d 334, 21 N.E.3d 995 (2014) .....................................................8

*Judd Burstein, P.C. v. Long*,
    797 F. App'x 585 (2d Cir. 2019) .......................................................................................4, 12

*Katz v. Herzfeld & Rubin, P.C.*,
    48 A.D.3d 640 (2d Dep't 2008) ...............................................................................................8

*Lavergne v. Burden*,
    244 A.D.2d 203 (1st Dep't 1997) ........................................................................................6, 9

*Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*,
    599 F. Supp. 2d 355 (E.D.N.Y. 2009) .................................................................................4, 5

*Maksimiak v. Schwartzapfel*,
    82 A.D.3d 652 (1st Dep't 2011) ...................................................................................2, 7

*N. A. Kerson Co. v. Shayne, Dachs, Weiss, Kolbrenner, Levy*,
    59 A.D.2d 551, 397 N.Y.S.2d 142 (2nd Dept. 1977) ..............................................................8

*O'Neill v. Atlantic Sec. Guards*,
    250 A.D.2d 493 (1st Dep't 1998) ...................................................................................6,9

*Prout v. Vladeck*,
    371 F. Supp. 3d 150 (S.D.N.Y. 2019)......................................................................................12

*Rabasco v. Buckheit & Whelan, PC*,
    2019 NY Slip Op 34373(U) (Dutchess County Sup. Ct., December 2, 2019) ..........................8

*Rupert v. Gates & Adams, P.C.*,
    2011 NY Slip Op 2554, 83 A.D.3d 1393, 919 N.Y.S.2d 706 (4th Dept. 2011) ........................8

*So v. Shin*,
    (2013) 212 Cal.App.4th 652 ...................................................................................................14

*Sohns v. Little Prince Prods., Ltd.*,
    791 F. Supp. 88 (S.D.N.Y. 1992) ...........................................................................................14

*Somma v. Dansker & Aspromonte Assocs.*,
    44 A.D.3d 376, 843 N.Y.S.2d 577 (1st Dept. 2007)..................................................................7

*Stonewell Corp. v. Conestoga Title Ins. Co.*,
    678 F.Supp.2d 203 (S.D.N.Y. 2010).......................................................................................11

*Terracciano v. McGarrity*,
    2017 U.S. Dist. LEXIS 79722 (S.D.N.Y. May 24, 2017)........................................................11

**Statutes**

Cal. Civ. Proc. Code § 340.16 ......................................................................................................14

N.Y.C. Admin. Code § 8-102 ...................................................................................................6, 9

**Rules**

Fed Rules Civ Proc R 12 (b)6 ...........................................................................................1, 2, 4, 16

iii

This memorandum of law is submitted on behalf of defendants Derek Smith Law Group and Alexander Gabriel Cabeceiras, Esq. (together, "Defendants"), in support of Defendants' Motion to Dismiss the Verified Complaint (the "Complaint"), filed by Plaintiff Jan Daenzer ("Plaintiff"), pursuant to USCS Fed Rules Civ Proc R 12 (b)6.

**Preliminary Statement**

This legal malpractice lawsuit arises from Plaintiff's retention of Defendants in connection with Plaintiff's complaint against his former modeling agency Wilhemina Models ("Wilhemina"), and his former agent Allen Osborne which were filed in New York Supreme Court on January 16, 2023 (the "*Daenzer v. Wilhelmina Models* Action"). The Court granted summary judgment in favor of Wilhemina on May 28, 2025, on grounds that California law applied based upon Plaintiff's contract with Wilhemina, that Wilhemina was not Plaintiff's employer under California law, and that Plaintiff was not protected under New York State's Human Rights Law, N.Y. Exec. Law § 290 *et seq*. ("NYSHRL"), and New York City's Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq* ("NYCHRL"), at the time of the alleged sexual assault because Plaintiff was an independent contractor. However, under well-settled law dating back to the 1990's, the ruling that the protections of NYCHRL did not extend to independent contractors was erroneous - and should have been appealed.

The Complaint against Defendants should be dismissed in its entirety on several grounds. First, Plaintiff's legal malpractice claim fails as a matter of law because Plaintiff's new counsel (who replaced Defendants *before* the appeal deadline) never filed a Notice of Appeal to challenge the trial court's legal mistake. Had an appeal been taken, the error would have been reversed and Plaintiff's NYCHRL claims reinstated. Under controlling New York law, a legal malpractice claim cannot be sustained in these circumstances, because the negligence of successor counsel is an

1

intervening *superseding cause* that breaks the chain of causation back to prior counsel. *Maksimiak v. Schwartzapfel,* 82 A.D.3d 652, 652 (1st Dep't 2011).

Second, the allegation that Plaintiff would have secured a more favorable outcome if Defendants had presented the court with a physical copy of Plaintiff's immigration filings to support the argument that Wilhemina was the "employer" is purely speculative. New York courts routinely dismiss such allegations as they cannot support a legal malpractice cause of action. The argument that Wilhemina represented itself as Plaintiff's employer in the federal immigration filing was raised - and rejected. Specifically, Defendants' brief in the underlying lawsuit against Wilhemina sets forth the material facts necessary to argue that Wilhemina reported itself as Plaintiff's employer in the immigration filings. Notably, the physical application did not provide any new or material information that was not already summarized in Defendant's brief.  As such, Plaintiff's claim that attaching the physical copy of the filings would have changed the result should be dismissed as pure speculation.

Third, the allegations of the Complaint do not support breach of duty or proximate causation because the Court simply elected to enforce the choice of law clause in Plaintiff's modeling contract. The choice of law was California, and under California law the claims were time-barred. Thus, the Court's decision was not based upon a lack of evidence at all, and the claims here fail to establish proximate cause.

Therefore, Defendants respectfully submit that the Complaint fails to state any claims against Defendants and the same should be dismissed in its entirety pursuant to Rule 12 (b)6.

2

**Allegations of the Complaint**

The Complaint, filed on September 3, 2025, in the Southern District of New York, is annexed to the Affirmation of Joseph L. Francoeur ("Francoeur Aff."), as **Exhibit "A".** Although the factual allegations of the Complaint are deemed true for purposes of this motion, Defendants dispute the conclusory and false allegations which are utterly refuted by documentary evidence.

The Complaint alleges Plaintiff was the victim of sexual abuse by a manager at Wilhemina Models (hereinafter, "Wilhemina"), while Wilhemina sponsored him for an H-1B visa. **Ex. "A"**, p. 2. It is alleged that Wilhemina's Executive Director certified Plaintiff was their employee in sworn federal filings, and that Defendants had such immigration filings in their possession but failed to present them to the court in opposition to Wilhemina's assertion in its Answer and Motion for Summary Judgment that it was not Plaintiff's employer. *Id*. pp 2, 5, also see **Exhibit "D"**. It is further alleged that Defendants failed to plead negligent hiring, supervision, and retention claims, and that such claims are critical independent claims that do not require an employment relationship. **Ex. "A",** pp 3, 5.

The Complaint further alleges: that Wilhemina filed a motion for summary judgment on February 24, 2025, based on Plaintiff's alleged status as an independent contractor and California law governing, that Defendants filed an opposition brief on March 28, 2025 but omitted the immigration filings, and that the Court granted summary judgment in favor of Wilhemina on May 28, 2025, dismissing Plaintiff's claims. *Id.*, p 5. Moreover, it is alleged that Plaintiff retained new counsel on June 18, 2025, that said counsel filed a motion to renew and reargue the decision based upon the immigration findings, and that such motion was denied. *Id.*, p. 5-6. The Complaint further states that, but for the alleged acts and omissions by Defendants, Plaintiff would have defeated

3

Wilhemina's motion for summary judgment, proceeded to trial and recovered compensatory and punitive damages for Plaintiff's alleged emotional and physical injuries. *Id.*, p. 7.

## Legal Standard

The court's decision on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Judd Burstein, P.C. v. Long*, 797 F. App'x 585, 587 (2d Cir. 2019) ("we must determine whether Long's well-pleaded allegations, accepted as true, state a claim to relief that is plausible on its face"); citing *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In deciding a 12(b)(6) motion to dismiss, the court need not consider "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims". *Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*, 599 F. Supp. 2d 355, 358 (E.D.N.Y. 2009); citing *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001); quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). As such, the factual allegations in the complaint are generally accepted as true and inferences from such allegations are drawn "in the light most favorable to the plaintiff". *Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*, 599 F. Supp. 2d 355, 358 (E.D.N.Y. 2009), quoting *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005). Dismissal is appropriate where a complaint "does not contain enough allegations of fact to state a claim for relief that is 'plausible on its face.' *Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*, 599 F. Supp. 2d 355, *supra*, quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). It is well settled that,

> [t]he Second Circuit has interpreted Twombly to require that a complaint "allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion

4

*Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*, 599 F. Supp. 2d 355, *supra*, quoting *Port Dock & Stone Corp v. Old Castle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007). "[T]he Court must limit its 'consideration to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference.'" *Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*, 599 F. Supp. 2d 355, *supra*, quoting *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

## Arguments

I. THE TRIAL COURT'S RULING EXCLUDING INDEPENDENT CONTRACTORS FROM THE NYCHRL WAS CLEAR LEGAL ERROR, CONTRARY TO SETTLED LAW IN 2003–2004

At the heart of the underlying case was the trial judge's determination that Plaintiff, as an independent contractor, had no protection under NYSHRL or NYCHRL. See **Exhibit "B"**. That legal ruling was indisputably wrong with respect to NYCHRL. The NYCHRL has long been interpreted to cover independent contractors under certain circumstances, and this was well established years before Plaintiff's 2003–2004 claims:

- Statutory Definition: The NYCHRL's definition of "employee" includes "natural persons" who perform work "in furtherance of an employer's business enterprise". By its terms, this broad definition encompasses individual independent contractors working for a business, as numerous courts have recognized.

- First Department Precedent: As early as 1997, New York courts held that independent contractors are protected by the NYCHRL if they meet the statute's criteria of working in furtherance of an employer's business. *See, e.g., Lavergne v. Burden*, 244 A.D.2d 203 (1st Dep't 1997); *O'Neill v. Atlantic Sec. Guards*, 250 A.D.2d 493 (1st Dep't 1998). In *O'Neill*, the First Department explicitly ruled that "independent contractors fall within the

5

protections of [the] NYCHRL if they are 'natural persons' who 'carry out work in furtherance of an employer's business enterprise.'" *O'Neill v. Atlantic Sec. Guards*, 250 A.D.2d 493 (1st Dep't 1998). Thus, by the late 1990s, binding appellate authority in New York had settled that a company cannot escape NYCHRL liability merely by labeling a worker an independent contractor so long as the individual is a natural person performing work for the business, he or she is entitled to the NYCHRL's protections. *Id.*

- Consistent Federal Decisions: Federal courts applying the NYCHRL likewise recognized that independent contractors were covered. For example, in *Fowler v. Scores Holding Co.* (S.D.N.Y. 2009), Judge Lynch explained that *"independent contractors fall under the protection of the NYCHRL if they are natural persons who carry out work in furtherance of an employer's business enterprise."* (quoting NYCHRL § 8-102 and citing *O'Neill,* 250 A.D.2d at 493). Another court observed the same rule, citing the First Department's decisions. *See Banks v. Corr. Servs. Corp.*, 475 F. Supp. 2d 189, 198 (E.D.N.Y. 2007) (reiterating that independent contractors are protected by the NYCHRL if they are natural persons doing an employer's work, per *O'Neill*).

In short, at the time of the events alleged in the underlying *Daenzer v. Wilhelmina Models* Action, it was settled law that a "natural person", such as Plaintiff, working as an independent contractor could claim the NYCHRL's anti-discrimination protections. The trial court in Plaintiff's case plainly *erred* in holding otherwise.

Indeed, the court's ruling was wrong on the law as its findings were contrary to the NYCHRL's text and directly on-point appellate precedent. There was simply no legal basis in 2025, nor at any time in the past few decades, to categorically exempt independent contractors from the NYCHRL's reach. This error was so clear that any appellate court reviewing the decision

would have reversed it as a matter of law. Further, the trial court's erroneous legal ruling was *dispositive* of Plaintiff's discrimination claims. Correcting that error on appeal would have reinstated Plaintiff's NYCHRL claims, giving him the opportunity to litigate those claims on the merits.

> II. THE FACT THAT PLAINTIFF'S SUBSEQUENT COUNSEL FAILED TO FILE A TIMELY NOTICE OF APPEAL BREAKS THE CHAIN OF CAUSATION AGAINST DEFENDANTS

The failure of Plaintiff's subsequent counsel to appeal the underlying judgment constitutes an act of legal malpractice that breaks the chain of causation in the claims against Defendants.

New York courts have long held that a legal malpractice complaint fails to state a cause of action where "documentary evidence established that plaintiff's successor counsel had sufficient time and opportunity to adequately protect plaintiff's rights." *Maksimiak v. Schwartzapfel Novick Truhowsky Marcus, P.C.*, 2011 NY Slip Op 2467, ¶ 1, 82 A.D.3d 652, 652, 919 N.Y.S.2d 330, 330 (1st Dept. 2011)(holding that, where documentary record showed plaintiff's successor counsel had ample time to pursue plaintiff's, defendants' alleged negligence was not a proximate cause of alleged injury); *Somma v. Dansker & Aspromonte Assocs.*, 44 A.D.3d 376, 377, 843 N.Y.S.2d 577, 578 (1st Dept. 2007) (holding that, where plaintiff's new lawyer had sufficient time to protect the plaintiff's rights after the original lawyer was replaced, any negligence by the predecessor counsel could not be the proximate cause of the loss); *Katz v. Herzfeld & Rubin, P.C.*, 48 A.D.3d 640 (2d Dep't 2008) (holding that, legal malpractice claim fails where "subsequent counsel had a sufficient opportunity to protect the plaintiffs' rights by pursuing any remedies it deemed appropriate on their behalf"); *Golden v Cascione, Chechanover & Purcigliotti*, 286 AD2d 281, 729 NYS2d 140 (1st Dept. 2001); also see *Boye v. Rubin & Bailin*, LLP, 152 A.D.3d 1 (1st Dep't 2017) (holding that, legal malpractice claim fails where "it is clear that the proximate cause of any damages sustained

by plaintiff was not the alleged malpractice of [the original] defendants, but rather the intervening and superseding failure of plaintiff's successor attorney.")

It is also well settled in New York courts that,

> The failure to pursue an appeal in an underlying action bars a legal malpractice action where the client was likely to have succeeded on appeal in the underlying action

*Rabasco v. Buckheit & Whelan, PC*, 2019 NY Slip Op 34373(U), ¶ 5 (Dutchess County Sup. Ct., December 2, 2019), quoting *Buczek v. Dell & Little, LLP*, 2015 NY Slip Op 03492, ¶ 2, 127 A.D.3d 1121, 1123, 7 N.Y.S.3d 558, 561 (2nd Dept. 2015); also see *Grace v. Law*, 24 N.Y.3d 203, 207, 997 N.Y.S.2d 334, 335, 21 N.E.3d 995, 996 (2014); *Rupert v. Gates & Adams, P.C.*, 2011 NY Slip Op 2554, ¶ 2, 83 A.D.3d 1393, 1396, 919 N.Y.S.2d 706, 709 (4th Dept. 2011); *N. A. Kerson Co. v. Shayne, Dachs, Weiss, Kolbrenner, Levy*, 59 A.D.2d 551, 553, 397 N.Y.S.2d 142, 144 (2nd Dept. 1977).

Here, documentary evidence shows that Plaintiff retained subsequent counsel shortly after Summary Judgment was granted in favor of Wilhemina. See **Exhibits "B" and "C"**. However, as set forth above, the court's decision with respect to NYCHRL was incorrect on the law because Plaintiff, as a "natural person", was in fact protected by NYCHRL §8-102 prior to October 2019, as New York Courts have long held that,

> independent contractors fall under the protection of the NYCHRL if they are 'natural persons' who 'carry out work in furtherance of an employer's business enterprise.'

*Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673, 680 (S.D.N.Y. 2009), quoting NYCHRL § 8-102(5); also see *Banks v. Corr. Servs. Corp.*, 475 F. Supp. 2d 189, 198 (E.D.N.Y. 2007), quoting *O'Neill v. Atlantic Sec. Guards*, 250 A.D.2d 493, 671 N.Y.S.2d 976 (1st Dep't 1998) ("independent contractors fall within the protections of NYCHRL if they are 'natural persons' who 'carry out

8

work in furtherance of an employer's business enterprise.'); *Lavergne v. Burden*, 244 A.D.2d 203, 203, 665 N.Y.S.2d 272, 273 (App. Div. 1st Dept. 1997).

Here, the deadline to appeal the Decision expired on June 27, 2025. Despite the obvious mistake in the trial court's ruling, Plaintiff's *new counsel* (who took over representation in June 2025) never pursued an appeal to correct it. There was no impediment to filing a timely appeal. Plaintiff was represented by counsel continuously, and the substitution occurred with nine (9) full days left to protect Plaintiff's rights on appeal. See **Ex. "C"**. Successor counsel made a strategic but fatal decision to fail to appeal and to fail to raise the Independent Contractor legal error argument in the Order To Show Cause to reargue. The timeline is undisputed:

On May 28, 2025, the trial court granted Summary Judgment for Wilhelmina, incorrectly holding that Plaintiff (as an independent contractor) had no rights under the NYCHRL. The 30-day window to appeal this final order began to run. **Ex. "B"**.

On June 18, 2025, Plaintiff executed a substitution of attorney, replacing Defendants with his current counsel. At that time, roughly 9 days remained in which to file a timely notice of appeal (the deadline being June 27, 2025). Defendants, having been discharged, could no longer act on Plaintiff's behalf. **Ex. "C"**.

By June 27, 2025, no notice of appeal was filed and the deadline expired. This failure occurred *even though* the trial court's error on the NYCHRL issue was clear and the issue was outcome-determinative. An appeal would have squarely presented the Appellate Division with a pure question of law (NYCHRL coverage) that authoritative precedent would likely have resolved in Plaintiff's favor.

9

In lieu of appealing, successor counsel chose to file an "emergency" motion to renew or reargue in the trial court on June 27, 2025[1]. That motion introduced additional evidence (immigration sponsorship documents) purportedly to show that Wilhelmina had considered Plaintiff an employee for visa purposes. However, the trial judge denied the motion, leaving the original summary judgment intact. See **Ex "A"**. Notably, the motion to reargue did not directly challenge the court's legal holding on NYCHRL coverage, the critical legal issue that should have been appealed, but focused on factual submissions that the court ultimately found unavailing. *Id*. Subsequent counsel also failed to appeal the denial of the motion to re-argue.

By failing to pursue that appeal, successor counsel allowed the erroneous dismissal to stand, thereby *proximately causing* the permanent loss of Plaintiff's discrimination claims. It was successor counsel's inaction, not anything Defendants did or failed to do, that ultimately sealed the fate of Plaintiff's underlying case. Defendants, for their part, were replaced before the appeal deadline and had no ability to cure the trial court's error once the substitution occurred.

These failures by subsequent counsel break the chain of causation for any claim against Defendants who, again, were unable to file these appeals as they were replaced as counsel before they could do so.

Thus, based upon the foregoing and the exhibits submitted in support of this motion, documentary evidence shows that Counsel's failure to file a timely notice of appeal was an act of legal malpractice that breaks the chain of causation for plaintiff's claims against Defendants in this lawsuit. As such, Defendants respectfully ask that this Court dismiss all claims against Defendants

### III. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS AS NEW YORK

---

[1] Defendants note that Plaintiff's motion to reargue is not attached as an exhibit to Plaintiff's Complaint, and respectfully ask that this Court take judicial notice of the Affirmation of Plaintiff's subsequent counsel, Keith T. Olsen, Esq., filed via NYSCEF in the underlying *Daenzer v. Wilhelmina Models* Action on June 27, 2025, as document no. 105. (Index No. 952013/2022).

## COURTS ROUTINELY DISMISS COMPLAINTS THAT ARE BASED ON MERE SPECULATION

A. <u>Elements of A Legal Malpractice Claim</u>

The elements of a legal malpractice claim are (1) attorney-client relationship, (2) attorney negligence, (3) proximate cause, and (4) damages. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). It is Plaintiff's burden to prove all element of this cause of action. *Davis and Davis, P.C. v. Morson*, 286 A.D.2d 584, 730 N.Y.S.2d 293 (1st Dept. 2001). A finding of proximate causation requires Plaintiff to demonstrate that "but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome." *Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F.Supp.2d 203, 209 (S.D.N.Y. 2010). "Speculative contentions about what might have happened had the defendant attorney . . . taken a different approach in litigating a case on behalf of the plaintiff [are] not sufficient to support the plaintiff's allegations of legal malpractice." *Terracciano v. McGarrity*, 2017 U.S. Dist. LEXIS 79722, at *13-14 (S.D.N.Y. May 24, 2017); quoting *Citidress II Corp. v. Tokayer*, 105 A.D.3d 798, 962 N.Y.S.2d 691 (2d Dept. 2013). Further, New York courts have long held that,

> [c]onclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action . . . and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative.

*Judd Burstein, P.C. v. Long*, 797 F. App'x 585, 588 (2d Cir. 2019), quoting *Bua v. Purcell & Ingrao, P.C.*, 99 A.D.3d 843, 952 N.Y.S.2d 592, 598 (2d Dep't 2012); see *Prout v. Vladeck*, 371 F. Supp. 3d 150, 162 (S.D.N.Y. 2019) ("A plaintiff who brings a legal malpractice claim must show that he or she suffered actual and ascertainable damages.") (internal citations omitted); see *Antokol & Coffin v. Myers*, 30 A.D.3d 843, 819 N.Y.S.2d 303, 306 (3d Dep't 2006) ("Mere speculation about

11

a loss resulting from an attorney's poor performance is insufficient to sustain a prima facie case of legal malpractice.").

> B. Plaintiff's Allegation That Presenting a Physical Copy of the Immigration Filing Would Have Yielded a More Favorable Outcome Is Purely Speculative

Here, Plaintiff's allegation that Defendants "never used" Plaintiff's immigration filings, and that such omission "allowed Wilhemina to mislead the Court into believing Plaintiff was never an employee" is belied by Defendant's opposition brief. **Ex. "A"**, p. 2. Indeed, Defendants' opposition brief made the precise argument that Plaintiff erroneously claims the Defendants omitted – namely that the H-1B visa was evidence that Wilhemina was Plaintiff's employer. *Id.* Further, the Court was aware of Plaintiff's H-1B(3) visa application since the same was described in counsel's opposition brief. *Id,* also see **Ex. "D"**. Still, the Court, having considered the material evidence, dismissed the claims against Wilhemina. See **Ex. "B"**. Plaintiff's contention that presenting the court with a physical copy of the H-1B(3) visa application would have yielded a more favorable result nothing more than speculation, as the physical application did not offer any new or material information that was not already cited in Defendant's brief. See **Ex. "D"**. Specifically, the Memorandum of Law in Opposition stated:

> Plaintiff has presented enough undisputed facts to, at a minimum, allow the question of Plaintiff's employment status to go before a jury. Specifically, Plaintiff has put on the record that:
>
> Wilhelmina Models, Inc. sponsored Plaintiff's H-1B3 visa. (Cabeceiras Declaration in Opposition ¶ 10, Facts ¶ 10).
>
> **Plaintiff, under this H-1B3 visa, could only work for Wilhelmina Models, Inc.,** "The foreign worker(s) can work for the petitioner, but only as detailed in the petition and for the period authorized. Any change of employment requires a new petition." (Facts, ¶ 59).
>
> ………

12

> The vital element in determining an employee-employer relationship is whether the employer exercises control over the performance over the work. *Wright,* at 6-7. ("The really essential element of the relationship is the right of control, that is, the right of one person, the master, to order and control another, the servant, in the performance of work by the latter." *State Div. of Human Rights ex rel. Emrich v. GTE Corp.,* 109 A.D.2d 1082, 1083 (1985)).
>
> *First,* as to the selection and engagement process, Wilhelmina selected Plaintiff as an employee—both on sworn declarations to the Federal Government and in practice.

**Ex. "A"**. Based upon the foregoing, Defendant's brief sufficiently described the contents of the visa application and raised the very same argument which Plaintiff now claims would have yielded a different result. Plaintiff can only speculate that presenting a physical copy of the application to the court would have resulted in a different outcome, and such speculation cannot support a legal malpractice claim against Defendants.

    C.    <u>The Complaint Fails to Allege Breach of Duty or Proximate Causation Because The Court Determined That California Law Applies, And The Lawsuit Is Time-Barred Under California Law</u>

In the underlying lawsuit, the court based its decision upon the choice of law term in Plaintiff's 2002 contract with Wilhemina. **Ex. "B"**. Because the Court determined that California law would apply, the Court further held that Plaintiff was not an employee pursuant to California law. *Id*. As such, Defendants did not breach their duty of care and their alleged actions were not the proximate cause of the court's decision.

Moreover, because the court decided to apply California law, the California statute of limitations also applied. Thus, Plaintiff's claims were also subject to dismissal on grounds that the statute of limitations had expired. See *So v. Shin* (2013) 212 Cal.App.4th 652, 662. ("The limitations period for a cause of action for ordinary negligence is two years."); See *Clarendon v. Regents of the Univ. of Cal*., 2021 Cal. Super. LEXIS 102090, *3 ("The new limitations period is within 10 years of the last act, or within three years the plaintiff knew or discovered the injury or illness from the act."); Cal. Civ. Proc. Code § 340.16

To assert a prima facie case of legal malpractice, a plaintiff must show "that the attorney failed to exercise that degree of skill commonly exercised by an ordinary member of the legal community, and that the client incurred damages as a direct result of the attorney's actions." *Sohns v. Little Prince Prods., Ltd*., 791 F. Supp. 88, 93 (S.D.N.Y. 1992), citing *Marshall v. Nacht*, 172 A.D.2d 727, 569 N.Y.S.2d 113, 114 (App. Div. 1991).

Here, Plaintiff's Underlying Complaint alleged a series of events which gave rise to Plaintiff's claims against Wilhemina and Allen Osborne, alleged to have occurred between approximately 2001 and 2006. **Ex. "A"**. However, in November 2002, Plaintiff executed a Talent Agency Agreement with Wilhemina, which agreement required that California law governed the

relationship between Plaintiff and Wilhemina. **Ex. "B"**. Notwithstanding Defendant's arguments concerning Plaintiff's immigration filing as evidence that Wilhemina was the employer, the Court held that California Law applied. Specifically, the trial court stated:

> The Talent Agency Agreement between WWI and Plaintiff requires that California law governs the parties' relationship. Section 13 states, in its entirety:
>
> THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA APPLICABLE TO AGREEMENTS WHOLLY MADE THEREIN AND ANY DISPUTE ARISING OUT OF THIS AGREEMENT SHALL BE RESOLVED IN THE COURTS OF THE STATE OF CALIFORNIA AND CITY OF LOS ANGELES.
>
> New York courts honor the parties' choice of law memorialized in contract. *Koob v. IDS Fin. Servs.,* 213 A.D. 2d 26, 33-34 (1st Dep't 1995) As held by the Court of Appeals:
>
> We begin with the basic premises that courts will generally enforce choice-of-law clauses and that contracts should be interpreted so as to effectuate the parties' intent (*see Welsbach Elec. Corp. v. MasTec N. Am., Inc.,* 7 N.Y.3d 624, 629, 825 N.Y.S.2d 692, 859 N.E.2d 498 [2006] ). In a case based on New York law, the United States Supreme Court held that a choice-of-law provision in a contract "may reasonably be read as merely a substitute for the conflict-of-laws analysis that otherwise would determine what law to apply to disputes arising out of the contractual relationship" (*Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 59, 115 S.Ct. 1212, 131 L.Ed.2d 76 [1995] ). *Ministers & Missionaries Ben. Bd. v. Snow,* 26 N.Y.3d 466, 470 (2015).

*Id*. Based upon the *foregoing*, the Court had all material evidence to support Plaintiff's claims, yet based its decision upon the choice of law term in the 2002 contract.

Based upon the foregoing, the Court's decision was based upon the choice of law requirements of Plaintiff's contract with Wilhemina. Because the Court decided that California law applied, Plaintiff was not deemed an employee of Wilhemina and Plaintiff's claims against Wilhemina were time-barred under the applicable statutes of limitations in California.

## Conclusion

Based upon the foregoing, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety pursuant to Rule 12 (b)6.

## Word Count Certification

The undersigned attorney duly certifies that the above Memorandum of Law complies with the word-count limitation pursuant to the local rules, and that the total word count, exclusive of the caption, signature block, table of authorities, and table of contents is 4,551 words.

Date:   New York, New York
        October 29, 2025

                                                      Respectfully Submitted,

                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____*/s/ Joseph L. Francoeur*_____
      Joseph L. Francoeur
      Melissa E. Young
      Attorneys for Defendants
      150 E 42nd Street
      New York, NY 10017
      joseph.francoeur@wilsonelser.com
      melissa.young@wilsonelser.com